IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CESAR CELESTINO SANTOS,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-356-A |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Cesar Celestino Santos, TDCJ # 778846, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On November 14, 1995, pursuant to a plea bargain agreement, Santos pled guilty in state

court to aggravated sexual assault of a child under 17 years of age and was placed on deferred adjudication community supervision for ten years. (State Habeas R. at 29) Santos did not directly appeal the trial court's judgment placing him on deferred adjudication; thus the judgment became final under state law thirty days later on December 14, 1995. *See* TEX. R. APP. P. 26.2(a)(1). Having violated the conditions of his community supervision, the trial court adjudicated Santos's guilt for the offense on January 3, 1997, and assessed his punishment at forty years' confinement. (*Id.* at 31) Santos did not directly appeal the trial court's judgment adjudicating guilt; thus the judgment became final under state law thirty days later on February 2, 1997. *Id.* On September 2, 2004, Santos filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on May 25, 2005. *Ex parte Santos*, Application No. WR-60,336-01, at cover. Santos filed this petition on June 15, 2009, challenging his conviction on one or more of the claims raised in state court.[1] As ordered, Thaler has filed a preliminary response addressing only the issue of limitations, to which Santos did not reply within the time allowed.

## D. ISSUES

Santos claims he is actually innocent of the offense, the indictment was defective, he received ineffective assistance of trial counsel, his plea was coerced, his plea was unknowing and involuntary because the trial court failed to admonish him of the consequences of his plea, the state tampered with grand jury documents and engaged in prosecutorial misconduct, he was denied his right to appeal and appellate counsel, and the court reporter lost his trial court transcripts. (Petition at 7-8 & Attachment)

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

E.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Santos's claims involve alleged facts or events related to his original plea or the original plea proceedings and appeal therefrom.  Thus, under § 2244(d)(1)(A), the federal statute of limitations commenced when the trial court's "Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence" became final by the conclusion of direct review or the expiration of the time for seeking such review.  For purposes of this provision, the judgment became

final and the one-year limitations period began to run upon expiration of the time that Santos had for filing a timely notice of appeal on December 14, 1995, and expired one year later on December 14, 1996, absent any applicable tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005).

Santos's state habeas application filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor is Santos entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him or her from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his or her rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Santos's unexplained lengthy delay prior to seeking state and federal habeas relief demonstrate a lack of diligent pursuit of his rights.

Santos's federal petition was due on or before December 14, 1996. His petition, filed on June 15, 2009, is untimely.

## II. RECOMMENDATION

Santos's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 1, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 1, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 10, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE